Carl F. ROGHAN, Plaintiff-Appellant,

v.

John BLOCK, Secretary of United States Department of Agriculture; Allen Brock, Acting Assistant Administrator for Farmer Programs; Charles Shuman, Administrator of the Farmers Home Administration; Calvin Lutz, Acting State Director for Michigan; Russell K. Keech, District Director; Richard Stranton, District Director; Walter N. Bayer, Jr., County Supervisor; United States Department of Agriculture, Defendants-Appellees.

No. 84–1518.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 21, 1985.

Decided May 14, 1986.

Paul B. Newman (argued), Associate Counsel, Newaygo, Mich., for plaintiff-appellant.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., Edith A. Landman (argued), Asst. U.S. Atty., for defendants-appellees.

Before KEITH and KRUPANSKY, Circuit Judges, and JOINER, Senior District Judge.*

PER CURIAM.

Plaintiff Carl F. Roghan appealed the district court's denial of a preliminary injunction in this action under the Consolidated Farm and Rural Development Act (CFRDA), 7 U.S.C. §§ 1921 *et seq.*, to set aside the foreclosure of a loan by defendant Secretary of Agriculture.

The record disclosed the following facts. On August 8, 1979, plaintiff submitted a loan application to the Farmers Home Administration (FmHA) for the purchase of a 67-acre farm. Plaintiff's application was approved and on January 18, 1980 plaintiff

received an $85,000 real estate loan and on January 23, 1980, plaintiff received a $21,000 chattel loan, which were evidenced by two promissory notes, one secured by a real estate mortgage and the other secured by a security agreement in livestock and certain farm equipment. Plaintiff's 1980 annual gross income was far less than he had anticipated and he permitted his insurance to lapse in that year. The FmHA County Supervisor was thereafter notified. Plaintiff subsequently tendered a total of $901 in two payments on his 1980 and 1981 annual loan repayment obligations, which amounted to $22,611, resulting in an accumulated delinquency for the two years of $21,710. The County Supervisor on April 15, 1982 recommended to FmHA that foreclosure proceedings be initiated due to plaintiff's continued failure to pay real estate taxes and loan installments.

Plaintiff was notified by FmHA on June 1, 1982 that his payments were accelerated and that his entire outstanding loan obligation was immediately due. He was also apprised of his right to appeal the action taken. On June 5, 1982, plaintiff requested a hearing on the FmHA's action, which was scheduled for July 22, 1982. Plaintiff thereafter requested two extensions and failed to appear for the third scheduled hearing date on September 20, 1982. Plaintiff was notified that FmHA would conduct a foreclosure sale on March 10, 1983 and that plaintiff possessed a right of redemption of the property within one year of sale. On March 10, 1983, FmHA purchased the property at the foreclosure sale. Plaintiff continued to reside on the property. On March 10, 1984, plaintiff's redemption rights under Michigan law expired. On May 22, 1984, the County Supervisor on behalf of FmHA took possession of the chattels identified in the security agreement and advised plaintiff that he could redeem such articles until May 30, 1984, which he did not do.

* Hon. Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation.

On June 4, 1984, plaintiff commenced this action against the Secretary of Agriculture and others charging that he had been deprived of due process under the CFRDA inasmuch as the Secretary had failed to promulgate regulations and procedures to enforce and apply 7 U.S.C. § 1981a and that the appropriate officials had not advised plaintiff of his rights to deferral of payments under § 1981a prior to acceleration.[1] Plaintiff filed a motion for a preliminary injunction in the district court seeking to enjoin FmHA from denying him loan deferral relief under § 1981a, from evicting him, and from disposing of the loan collateral, and to set aside the March, 10, 1983 foreclosure sale. The district court conducted a hearing on the motion for preliminary injunction and thereafter denied preliminary relief. *See Roghan v. Block,* 590 F.Supp. 150 (W.D.Mich. 1984).

Plaintiff in the district court argued that he was a member of a plaintiff class in another action before the same district judge in which preliminary injunctive relief had issued, *Rutan v. Block,* No. G83–19CA (W.D.Mich. Jan. 16, 1984). Consequently, plaintiff contended that the injunction in *Rutan* inured to his benefit so as to prevent the FmHA from pursuing foreclosure and related proceedings in the instant case. In *Rutan,* the named plaintiffs sought to compel the FmHA to promulgate regulations to implement § 1981a and requested declaratory and injunctive relief to enjoin defendants from foreclosing on farm operating, ownership, and emergency loans, financed under the CFRDA, without first providing the borrowers with personal notice of and opportunity to apply for deferral or other loan servicing relief before any acceleration action was commenced. On November 29, 1983, Judge Gibson, the same district judge who rendered the decision below in the case *sub judice,* preliminarily enjoined the FmHA from: (1) accelerating the indebtedness of the plaintiffs; (2) foreclosing on the real property or chattels of the plaintiffs; (3) demanding voluntary conveyance by the plaintiffs; (4) repossessing chattels of the plaintiffs or in any way proceeding against or depriving the plaintiffs of property in which the defendants had a security interest; and (5) withholding from the plaintiffs the living and operating expenses previously determined. The district judge certified a plaintiff class in *Rutan* composed of all farmers in the State of Michigan who presently have farm ownership, operating, or emergency loans financed by the Farmers Home Administration under the Consolidated Farm and Rural Development Act and whose loan accounts are delinquent or have been accelerated or which may hereafter be accelerated by the Farmers Home Administration and made subject to foreclosure. The preliminary injunction was extended to the *Rutan* class on January 16, 1984.

In the matter at bar, Judge Gibson rejected plaintiff's contention in the district court that he was a member of the *Rutan* plaintiff class and thus was entitled to preliminary injunctive relief, explaining:

1. Section 1981a provides:

 **§ 1981a. Loan moratorium and policy on foreclosures**

 In addition to any other authority that the Secretary may have to defer principal and interest and forego foreclosure, the Secretary may permit, at the request of the borrower, the deferral of principal and interest on any outstanding loan made, insured, or held by the Secretary under this chapter, or under the provisions of any other law administered by the Farmers Home Administration, and may forego foreclosure of any such loan, for such period as the Secretary deems necessary upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principal and interest when due without unduly impairing the standard of living of the borrower. The Secretary may permit interest that accrues during the deferral period on any loan deferred under this section to bear no interest during or after such period: *Provided,* That if the security instrument securing such loan is foreclosed such interest as is included in the purchase price at such foreclosure shall become part of the principal and draw interest from the date of foreclosure at the rate prescribed by law.

 7 U.S.C. § 1981a.

[T]he plaintiff's loans were accelerated, foreclosed upon, and the security for them sold at auction by March 10, 1983, ten months before the class was certified. By the *Rutan* stipulation the FmHA agreed "not to foreclose upon any class members until [the] Court has heard the merits of the case." Inasmuch as the parties in *Rutan* did not agree expressly to include persons whose loans had already been foreclosed upon, and in light of the fact that that action had been brought to *prevent* foreclosures until the FmHA promulgates appropriate regulations, the Court is of the opinion that the class was not intended to include persons whose loans had already been foreclosed upon.

*Roghan v. Block,* 590 F.Supp. at 151–52 (footnote omitted) (emphasis in original).

Plaintiff secondly contended in the district court that he was entitled to preliminary injunctive relief in his own right, independent of the scope of the *Rutan* class. The district court noted that no overriding harm to plaintiff would occur by virtue of its not issuing a preliminary injunction inasmuch as plaintiff had pursued no affirmative action challenging FmHA's actions in the face of acceleration, foreclosure, sale, and expiration of the redemption period prior to his suit in district court, despite the fact that he possessed several opportunities to administratively appeal the decisions. For the same reasons, the district court concluded that the public interest would not be furthered by the issuance of a preliminary injunction. The district court accordingly denied plaintiff's motion for a preliminary injunction. *Roghan v. Block,* 590 F.Supp. at 152–53.

 Plaintiff appealed the district court's denial of preliminary injunctive relief to this court. Both the district court and this court denied plaintiff's motions for injunction pending appeal. Plaintiff before this panel raised essentially the same two bases for injunctive relief as he had pressed in the district court, namely, that he was a member of the *Rutan* class and, secondly, that he should be accorded preliminary injunctive relief in his own right.

The standard of review on appeal from the grant or denial of a preliminary injunction is limited to an abuse of discretion evaluation of the district court's action. *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.,* 753 F.2d 1354, 1356 (6th Cir.), *cert. dismissed,* — U.S. ——, 105 S.Ct. 1155, 84 L.Ed.2d 309 (1985). Four factors are considered in determining whether a grant or denial of preliminary injunctive relief constituted an abuse of discretion: (a) the likelihood of success on the merits of the action; (b) the irreparable harm that could result without the requested relief; (c) the impact on the public interest; and (d) the possibility of substantial harm to others. *Id.*

This court is of the opinion that the district judge's construction of the scope of his own class certification order in *Rutan* was reasonable. It is sensible to decline to expand the reach of a plaintiff class in such a context beyond the purposes of such litigation of preventing foreclosures which had not yet transpired as of the date suit was filed. With respect to plaintiff's claim of entitlement to preliminary injunctive relief in his own right, this court's attention is directed to this circuit's decision in *Ramey v. Block,* 738 F.2d 756 (6th Cir.1984), which compels the conclusion that plaintiff is unlikely to succeed on the merits of his claim.[2] Additionally, this court considers the district court's articulated reasons for the denial of an injunction to be sound. Accordingly, the district judge did not abuse his discretion in denying preliminary injunctive relief to plaintiff either as a pur-

---

**2.** In *Ramey,* this court concluded that the Secretary is not required to notify CFRDA borrowers of the deferral provisions set forth in § 1981a, although the Secretary must accept requests for deferral relief, establish a procedure for borrowers to demonstrate their eligibility for such relief, and specify the general standards for deferral relief in § 1981a through the promulgation of regulations or through case-by-case adjudication. 738 F.2d at 762–63. Plaintiff in the instant matter did not request loan deferral prior to the foreclosure proceedings.

ported *Rutan* class member or in his own right.

Based upon the foregoing, the order of the district court denying plaintiff's motion for a preliminary injunction is AFFIRMED.